UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Hawaiian Village Computer, Inc.,
d/b/a Real Green Systems,

    Plaintiff,

v.                                          Case No. 06-12803

Print Management Partners, Inc.,          Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER

Plaintiff, a developer of various software products and forms in niche industries, including landscaping and lawn care, filed this action on June 23, 2006, asserting federal question jurisdiction. Plaintiff's complaint asserts the following three counts: "Violation of the Lanham Act §1125(a) (Count I); "Unfair Competition" (Count II); and "Copyright Infringement" (Count III). The matter is currently before the Court on Defendant's Motion to Dismiss, which seeks dismissal of Count III. The Court heard oral argument on January 4, 2006. For the reasons set forth below, Count III of Plaintiff's complaint shall be dismissed for lack of subject matter jurisdiction.

BACKGROUND

With respect to Count III of its complaint, Plaintiff asserts that Defendant has improperly copied several of Plaintiff's proprietary business forms and has deceptively "misdescribed itself and its affiliation or relationship to Plaintiff both in print and through oral communications to Plaintiff's customers and prospective customers in such a way as to imply or directly

misrepresent an affiliation or relationship between Defendant and Plaintiff, all for the purpose of inducing and causing customers and prospective customers to purchase business forms from Defendant which are compatible with Plaintiff's software." (Compl. at ¶ 11). Plaintiff asserts that such acts damage it by "depriving it of sales and revenue for its own virtually identical proprietary forms and deceive customers as to the source of Defendant's goods."

Only one of Plaintiff's forms, and Defendant's allegedly improper copied version of that form, is attached to the Complaint. The other business forms at issue in Count III are not identified in the complaint and are not attached to the Complaint.[1]

Standard of Decision

Defendants seek to dismiss Count III of Plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(1), for lack of subject matter jurisdiction, or alternatively, pursuant to 12(b)(6), for failure to state a claim upon which relief can be granted.

In considering whether to dismiss a Complaint under FED. R. CIV. P. 12(b)(1) due to lack of subject matter jurisdiction, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). If the Motion attacks the assertion of subjection matter jurisdiction raised in the face of the complaint, the Court accepts the Complaint's allegations as true and construes them in the light most favorable to the non-moving party. *United States v. A.D. Roe Co., Inc.* 186 F.3d 717, 721-22 (6th Cir.1999).

---

[1] Plaintiff identified the works that are at issue in Count III in its January 11, 2007 supplemental brief.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. *Moon v. Harrison Piping Supply, et al.*, 465 F.3d 719 (6th Cir. 2006)(citing *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001)). Dismissal is only proper if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Id.*

## ANALYSIS

Defendant contends that Count III must be dismissed for two reasons: 1) absent registration of the copyrights at issue, Plaintiff cannot bring a claim for copyright infringement against Defendant and the Court therefore has no subject matter jurisdiction over Count III; and 2) Plaintiff is improperly seeking copyright protection of a "form" or "forms" because forms are not copyrightable under the Copyright Act.

Defendant first asserts that this Court lacks subject matter jurisdiction over Count III, the copyright infringement claim, because Plaintiff's complaint admits that it did not register the copyrights prior to filing suit. Rather, the complaint admits that such registration is "pending." Defendant asserts that pursuant to the Copyright Act and applicable case law, a pending registration is insufficient to bring a claim for copyright infringement in federal court. Defendant relies primarily on *Murray Hill Publications, Inc. v. ABC Communications, Inc.*, 264 F.3d 622 (6th Cir. 2001) and *La Resolanta Architects v. Clay Angel Fire*, 416 F.3d 1195 (10th Cir. 2005) to support its position that this Court lacks subject matter jurisdiction over Count III of Plaintiff's Complaint because the copyrights had not been registered at the time Plaintiff filed the complaint.

Plaintiff admits that its copyrights at issue in this case were not registered at the time it

filed this action. Relying on *Apple Barrel Productions, Inc. v. R.D. Beard*, 730 F.2d 384 (5th Cir. 1984), however, Plaintiff asserts that because it *applied* for registrations of the copyrights before filing this action, that is sufficient for the Court to exercise jurisdiction over Count III.

Citing 17 U.S.C. §411(a), the Sixth Circuit has stated that registration is a prerequisite to filing a copyright infringement suit. *Murray Hill Publications, Inc.*, 264 F.3d 622, 630 (6th Cir. 2001); *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 533-34 (6th Cir. 2004).

The Sixth Circuit, however, has not addressed the specific issue of whether applying for registration is sufficient to invoke subject matter jurisdiction and there is a circuit split on this issue. "The Sixth Circuit has not taken a position on which of the two interpretations of 17 U.S.C. §411 it prefers. The two approaches other courts have used are the 'application approach' and the 'registration approach.'" *Derminer v. Kramer,* 386 F.Supp.3d 905, 911 (E.D. Mich. 2005). "The application approach finds subject matter jurisdiction when the date of a proper application precedes the date of filing; the registration approach finds subject matter jurisdiction only when the Copyright Office has either accepted or rejected such an application before the suit was filed." *Id.*

A useful discussion of both approaches, and the rationale for each, is found in *La Resolanta Architects.* In short, the application approach favors a policy-based approach to the issue. The courts that have adopted that approach conclude that because a copyright owner can ultimately sue regardless of whether an application for registration is granted or rejected, delaying the date on which a copyright owner can sue is a senseless formality. *Id*. at 1203-04.

The registration approach, finding subject matter jurisdiction existing only when the

Copyright Office has either accepted or rejected an application prior to filing suit, is based on several reasons. First, the approach is based upon the plain meaning of the statute and legislative scheme. Section 411(a), by its terms, allows an action for infringement to be instituted only when "registration" has been made in accordance with the act or has been refused:

> *no action for infringement* of the copyright in any United States work *shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.* In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the register of Copyrights.

17 U.S.C. §411(a)(emphasis added).

Second, "the argument that copyright holders are left without a remedy until registration begs the question. Congress created significant incentives for registration under the Act. Every remedy outlined in Title 17, including injunctions, is conditioned upon a copyright owner having registered the copyright." *La Resolanta Architects, supra,* at 1204. Courts accepting the registration approach view these rights and remedies as "the 'carrot' to induce registration and the 'stick' is the lack of federal court jurisdiction until registration is accomplished." *Id.*

Finally, the Application approach would create "shifting legal entitlements" that would needlessly generate uncertainty in copyright litigation. *Id*. at 1205.

While the Sixth Circuit has not specifically addressed whether it adopts the registration approach or the application approach, based upon its decisions in this general area, the Court concludes that the Sixth Circuit would favor the registration approach. The registration approach is based primarily upon the express language of the statute. In *Murray Hill Publications, Inc. v. ABC Communications, Inc*., 264 F.3d 622 (6th Cir. 2001), the Sixth Circuit was called upon to

address a similar issue - whether a copyright owner must formally register a derivative work as a prerequisite to filing a suit for infringement of that derivative work. In answering that question in the affirmative, the Court explained: "*We first look to the literal language of the copyright statutes*. 17 U.S.C. § 411(a) requires that the copyright be registered before it can be asserted as a basis for infringement in federal court." *Id.* at 630 (emphasis added).

Accordingly, the Court will follow the registration approach. The Court concludes that because copyrights to the works at issue in Count III were not registered at the time Plaintiff filed this action,[2] this Court lacks subject matter jurisdiction over Count III of the complaint. Count III must therefore be dismissed for lack of subject matter jurisdiction.

Given the Court's conclusion that it lacks subject matter jurisdiction over Count III of Plaintiff's complaint, the Court will not consider or rule upon Defendant's alternative argument for dismissal (*i.e.*, that Count III should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) because forms are not copyrightable).

## CONCLUSION & ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is hereby **GRANTED** and the Court **ORDERS** that Count III of Plaintiff's complaint is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

**IT IS SO ORDERED.**

Date: February 5, 2007

S/ Sean F. Cox  
SEAN F. COX  
UNITED STATES DISTRICT COURT JUDGE

---

[2] In addition, at the January 4, 2007 hearing, Plaintiff's Counsel acknowledged that Plaintiff has still not received any final decisions from the Copyright Office with respect to its applications for copyrights for the works at issue in Count III.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Hawaiian Village Computer, Inc.,
d/b/a Real Green Systems,

    Plaintiff,

v.                                            Case No. 06-12803

Print Management Partners, Inc.,        Honorable Sean F. Cox

    Defendant.
_____/

## PROOF OF SERVICE

The undersigned certifies that the foregoing opinion and order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 5, 2007.

                                              s/Jennifer Hernandez
                                              Case Manager to
                                              District Judge Sean F. Cox